UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.   1:15-cv-1373 |
| ) | |
| $264,980.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Debra G. Richards, Assistant United States Attorney, alleges on information and belief as follows:

## NATURE OF THE ACTION

1.   This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Property constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substances Act and pursuant to 31 U.S.C. § 5332(c) because it constitutes property involved in an offense, or a conspiracy to commit such offense, in violation of 31 U.S.C. § 5332(a).

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5. The defendant is:

Two Hundred and Sixty Four Thousand, Nine Hundred and Eighty Dollars in United States Currency ($264,980.00) seized from Luis Aguilar-Guzman on March 17, 2015, in Indianapolis, Indiana.

The Defendant Currency was taken into custody by the Drug Enforcement Administration ("DEA").

## FACTS

6. As part of an investigation, in March 2015, the DEA Indianapolis District Office received information regarding a money laundering target in the Indianapolis, Indiana area, later identified as Luis Aguilar-Guzman.

7. Transferring or smuggling bulk currency has become a preferred method for drug trafficking organizations to move illicit proceeds across United States' borders. Criminal organizations smuggle bulk cash to keep their proceeds and related activities away from the

scrutiny of financial regulators and law enforcement agencies. These organizations often rely on complex transportation and smuggling networks to move and launder their illicit proceeds.

8. Aguilar-Guzman was placed under surveillance near his residence at 3631 Allison Avenue, Indianapolis, Indiana. DEA Special Agent Daniel Schmidt, acting undercover, called the cellular telephone used by Aguilar-Guzman and arranged for a bulk money transfer to occur in which Aguilar-Guzman would deliver a large amount of currency to Special Agent Schmidt at a predetermined date and location. The transfer was arranged through several telephone calls and texts.

9. On March 17, 2015, the date of the arranged transfer, law enforcement officers observed Aguilar-Guzman and Nabor Marin-Clara depart the residence with a black duffel bag and enter a blue 1997 GMC Sierra. The black duffel bag was placed in the bed of the GMC Sierra. Marin-Clara was the driver and Aguilar-Guzman was the passenger. The GMC Sierra was registered to Nabor Marin Clara LLC, an administratively dissolved company.

10. At about 4:42 p.m., Indianapolis Metropolitan Police Department ("IMPD") officers observed the GMC Sierra traveling northbound on I-465, just south of West 71st Street, at a speed of approximately 65 mph in a 55 mph zone.

11. IMPD Officer Luke Schmitt conducted a traffic stop of the GMC Sierra. Marin-Clara told Officer Schmitt that he had never had a driver's license, which was confirmed through a computer check. Marin-Clara was summons arrested for Operating a Motor Vehicle Without a Valid License and for Speeding.

12. The GMC Sierra was towed to Auto Return. During the search of the vehicle, the black duffle bag was found to contain a large amount of United States Currency. No form of

identification was found within the duffle bag.  An IMPD K-9 was used and the dog indicated for the presence of a narcotics odor on the Defendant Currency.  Marin-Clara and Aguilar-Guzman were read their Miranda rights.  Marin-Clara initially told IMPD Officers that the Defendant Currency was the savings from a business and the Defendant Property Currency was going to be sent to Mexico.

13.     DEA Special Agent James Proud and Task Force Officer James Wilkinson arrived on the scene and questioned Marin-Clara and Aguilar-Guzman about the United States Currency found in the duffle bag.  Marin-Clara then claimed that he worked as a bartender at a bar/nightclub owned by Aguilar-Guzman and that the Defendant Currency belonged to Aguilar-Guzman.

14.     Aguilar-Guzman stated that the Defendant Currency belonged to him and that he was not "laundering" and that the money was not "dirty."  Aguilar-Guzman said that the money was going to Mexico, and that they were going shopping with the money.

15.     Believing the Defendant Currency constituted proceeds of and/or was property used to facilitate violations of the Controlled Substances Act, and/or constituted property used in to facilitate violations of 31 U.S.C. § 5332 (Bulk cash smuggling into or out of the United States), the Defendant Currency was seized and taken into custody by the DEA.

16.     Custody of the Defendant Currency was transferred to the United States Marshals Service ("USMS").  The DEA initiated administrative forfeiture proceedings against the Defendant Property.  On or about June 1, 2015, the DEA received a claim to the Defendant Currency from Attorney James R. Browne, Jr., on behalf Aguilar-Guzman.  The claim requested that the DEA "not forfeit the currency under an alternative theory that the currency belongs to

Mr. Marin."

17. Immigration and criminal queries reveal that Aguilar-Guzman was convicted of felony Criminal Recklessness in 2004, and that he was voluntarily removed to Mexico. On August 6, 2015, an immigration inspection of Aguilar-Guzman was conducted at 5162 W. Pike Plaza Road, Indianapolis, Indiana 46224. At that time, Aguilar-Guzman freely admitted to being a citizen and national of Mexico without the proper immigration documents allowing him to be present or remain in the United States. Aguilar-Guzman made no claims to United States citizenship, legal permanent residence, military service, or school attendance in the United States. Aguilar-Guzman was arrested without incident and transported to the Indianapolis Immigration and Customs Enforcement for processing.

18. On August 6, 2015, Aguilar-Guzman was issued a Notice to Appear concerning removal proceedings under section 240 of the Immigration and Nationality Act, File No. 074-606-156.

## PERTINENT STATUTES

19. Under 21 U.S.C. § 841(a)(1)-(2), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

20. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

21. Under 31 U.S.C. § 5332(a), it is a federal crime for a person with the intent to evade a currency reporting requirement under section 5316, to knowingly conceal more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transport or transfer or attempt to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States.

22. Under 31 U.S.C. § 5332(c) any such property involved in a violation of bulk cash smuggling into or out of the United States, or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and forfeited to the United States.

## **PRAYER FOR RELIEF**

Based on the factual allegations set forth above, there is probable cause to believe that the Defendant Currency are "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and are therefore subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 881(a)(6).

Moreover, based on the factual allegations set forth above, there is probable cause to believe that the Defendant Currency are moneys being transported or transferred or attempted to be transported or transferred from a place within the United States to a place outside the United States in violation of 31 U.S.C. § 5332(a), and are therefore subject to forfeiture to the United States of America pursuant to Title 31, United States Code, Section 5332(c).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Currency be forfeited to the United States for disposition according to law; and that the United States be granted any relief this Court may deem just and proper.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By: *s/ Debra G. Richards*
Debra G. Richards
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## **VERIFICATION**

I, James M. Proud, hereby verify and declare under penalty of perjury that I am a Special Agent for the Drug Enforcement Administration ("DEA"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with the DEA.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 8/31/15

Special Agent James M. Proud
Drug Enforcement Administration