UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:15-cv-1373-SEB-MJD |
| | ) |
| $264,980.00 UNITED STATES CURRENCY | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT OF FORFEITURE IN REM

The Claimant, by counsel respectfully submits his Answer to the Complaint in this action. The Claimant therefore responds:

## NATURE OF THE ACTION

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant property constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substances Act and pursuant to U.S.C. § 5332(c) because it constitutes property involved in an offense, or a conspiracy to commit such offense, in violation of 31 U.S.C. § 5332(a).

**ANSWER:** The claimant admits this is a civil action seeking forfeiture by the United States of America. The claimant denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and §1335 (district courts have original jurisdiction of any action for forfeiture).

1

**ANSWER:**  The claimant admits this Court has subject matter jurisdiction for this action.

3. This Court has in rem jurisdiction over the Defendant property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

**ANSWER:**  The claimant admits this court has in rem jurisdiction over the Defendant property.

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395 (a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the Defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

**ANSWER:**  The claimant admits the appropriate venue for this action is with this Court.

## DEFENDANT

5. The defendant is:

   Two Hundred and Sixty Four Thousand, Nine Hundred and Eighty Dollars in United States Currency ($264,980.00) seized from Luis Aguilar-Guzman on March 17, 2015, in Indianapolis, Indiana.

   The Defendant Currency was taken into custody by the Drug Enforcement Administration ("DEA").

**ANSWER:** The claimant admits ownership and admits the $264,980 in US Currency was taken from him on March 17, 2015 in Indianapolis, Indiana.

## FACTS

6. As part of an investigation, in March 2015, the DEA Indianapolis District Office received information regarding a money laundering target in the Indianapolis, Indiana area, later identified as Luis Aguilar-Guzman.

**ANSWER:** The claimant is without sufficient information to admit or deny this allegation.

7. Transferring or smuggling bulk currency has become a preferred method for drug trafficking organizations to move illicit proceeds across United States' borders. Criminal organizations smuggle bulk cash to keep their proceeds and related activities away from the scrutiny of financial regulators and law enforcement agencies. These organizations often rely on complex transportation and smuggling networks to move and launder their illicit proceeds.

**ANSWER:** The claimant is without sufficient information to admit or deny these allegations.

8. Aguilar-Guzman was placed under surveillance near his residence at 3631 Allison Avenue, Indianapolis, Indiana. DEA Special Agent Daniel Schmidt, acting undercover, called the cellular telephone used by Aguilar-Guzman and arranged for a bulk money transfer to occur in which Aguilar-Guzman would deliver a large amount of currency to Special Agent Schmidt at

3

a predetermined date and location. The transfer was arranged through several telephone calls and texts.

**ANSWER:** The claimant is without sufficient information to admit or deny these allegations.

9. On March 17, 2015 the date of the arranged transfer, law enforcement officers observed Aguilar-Guzman and Nabor Marin-Clara depart the residence with a black duffel bag and enter a blue 1997 GMC Sierra. The black duffel bag was placed in the bed of the GMC Sierra. Marin-Clara was the driver and Aguilar-Guzman was the passenger. The GMC Sierra was registered to Nabor Marin Clara LLC, an administratively dissolved company.

**ANSWER:** The claimant is without sufficient information to admit or deny these allegations.

10. At about 4:42 p.m., Indianapolis Metropolitan Police Department ("IMPD") officers observed the GMC Sierra traveling northbound on I-465, just south of West 71st Street, at a speed of approximately 65 mph in a 55 mph zone.

**ANSWER:** The claimant is without sufficient information to admit or deny these allegations.

11. IMPD Officer Luke Schmitt conducted a traffic stop of the GMC Sierra. Marin-Clara told Officer Schmitt that he had never had a driver's license, which was confirmed through a computer check. Marin-Clara was summons arrested for Operating a Motor Vehicle Without a Valid License and for Speeding.

> **ANSWER:** The claimant is without sufficient information to admit or deny these allegations.

12. The GMC Sierra was towed to Auto Return. During the search of the vehicle, the black duffle bag was found to contain a large amount of United States Currency. No form of identification was found within the duffle bag. An IMPD K-9 was used and the dog indicated for the presence of a narcotics odor on the Defendant Currency. Marin-Clara and Aguilar-Guzman were read their Miranda rights. Marin-Clara initially told MIPD Officers that the Defendant Currency was the savings from a business and the Defendant Property Currently was going to be sent to Mexico.

> **ANSWER:** The claimant is without sufficient information to admit or deny these allegations.

13. DEA Special Agent James Proud and Task Force Officer James Wilkinson arrived at the scene and questioned Marin-Clara and Aguilar-Guzman about the United States Currency found in the duffle bag. Marin-Clara and Aguilar-Guzman about the United States Currency found in the duffle bag. Marin-Clara then claimed that he worked as a bartender at a bar-nightclub owned by Aguilar-Guzman and that the Defendant Currency belonged to Aguilar-Guzman.

> **ANSWER:** The claimant is without sufficient information to admit or deny these allegations.

14. Aguilar-Guzman stated that the Defendant Currency belonged to him and that he was not "laundering" and that the money was not "dirty". Aguilar-Guzman said that the money was going to Mexico, and that they were going shopping with the money.

**ANSWER:** Claimant admits he owns the Defendant currency. Claimant is without sufficient information to admit or deny the balance of the allegations in this paragraph.

15. Believing the Defendant Currency constituted proceeds of and/or was property used to facilitate violations of the Controlled Substances Act, and/or constituted property used in to facilitate violations of 31 U.S.C. § 5332 (Bulk cash smuggling into or out of the United States), the Defendant Currency was seized and taken into custody by the DEA.

**ANSWER:** The claimant admits the Defendant Currency was seized. The claimant denies the balance of the allegations in this paragraph.

16. Custody of the Defendant Currency was transferred to the United States Marshals Service ("USMS"). The DEA initiated administrative forfeiture proceedings against the Defendant Property. On or about June 1, 2015, the DEA received a claim to the Defendant Currency from Attorney James R. Browne Jr., on behalf of Aguilar-Guzman. The claim requested that the DEA "not forfeit the currency under an alternative theory that the currency belongs to Mr. Marin."

**ANSWER:** The claimant admits his legal counsel requested the United States Drug Enforcement Administration ("DEA") not forfeit the subject currency. The claimant is without sufficient information to admit or deny the balance of the allegations in this paragraph.

17. Immigration and criminal queries reveal that Aguilar-Guzman was convicted of felony Criminal Recklessness in 2004, and that he was voluntarily removed to Mexico. On August 6, 2015, an immigration inspection of Aguilar-Guzman was conducted at 5162 W. Pike Plaza Road, Indianapolis, Indiana 46224. At that time, Aguilar-Guzman freely admitted to being a citizen and national of Mexico without the proper immigration documents allowing him to be present or remain in the United States. Aguilar-Guzman made no claims to Untied States citizenship, legal permanent residence, military service, or school attendance in the United States. Aguilar-Guzman was arrested without incident and transported to the Indianapolis Immigration and Customs Enforcement for processing.

    **ANSWER:** The claimant admits he was arrested without incident and is without sufficient information to admit or deny the remaining allegations in this paragraph.

18. On August 6, 2015, Aguilar-Guzman was issued a Notice to Appear concerning removal proceedings under section 240 of the Immigration and Nationality Act, File No. 074-606-156.

    **ANSWER:** The claimant admits the allegations in this paragraph.

## PERTINENT STATUTES

19. Under 21 U.S.C. § 841(a)(1)-(2), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

    **ANSWER:** The claimant admits the allegations in this paragraph.

20. Under 21 U.S.C. §881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

**ANSWER:** The claimant is without sufficient information to admit or deny these allegations.

21. Under 31 U.S.C. §5332(a), it is a federal crime for a person with the intent to evade a currency reporting requirement under section 5316, to knowingly conceal more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transport or transfer or attempt to transfer such currency or monetary instruments from a place within the United States to a place outside of the United States.

**ANSWER:** The claimant is without sufficient information to admit or deny these allegations.

22. Under 31 U.S.C. §5332(c) any such property involved in a violation of bulk cash smuggling into or out of the United States, or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and forfeited to the United States.

**ANSWER:** The claimant is without sufficient information to admit or deny these allegations.

WHEREFORE, the claimant denies the factual allegations and inferences raised by the Plaintiff in this Action regarding the illegal actions, use and intentions of the Claimant in connection to the Defendant Property. The claimant prays the Court deny the plaintiff's request for forfeiture and enter a judgment in his favor; and for all other just and proper relief.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/James R. Browne Jr.
James R. Browne Jr.
*Attorney for Claimant Luis Aguilar-Guzman, individually and in his capacity as owner of El Fandango's Inc. and El B-B Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2015 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Debra G. Richards
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
debra.richards@usdoj.gov

James A. Edgar
J. Edgar Law
1512 N. Delaware
Indianapolis, IN 46202
jedgarlawyer@gmail.com

*/s/James R. Browne Jr.*
James R. Browne Jr.

James R. Browne Jr.
GOODIN ABERNATHY, LLP
8900 Keystone Crossing, Suite 1100
Indianapolis, IN  46240
(317) 843-2606
Attorney No. 17888-49
jbrowne@goodinabernathy.com
72-019